BIXLER v. RINN. (No. 5317.)

(Court of Civil Appeals of Texas. Austin. March 18, 1914.)

1. SALES (§ 53*)—ACTIONS BY SELLER—EVIDENCE—FRAUD.

In an action for the purchase price of a stock of jewelry, evidence *held* insufficient to take to the jury the question of fraudulent misrepresentations by the seller as to the quality of the jewelry.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 145–151; Dec. Dig. § 53.*]

2. APPEAL AND ERROR (§ 1175*)—DISPOSITION OF CASE—RENDERING JUDGMENT—INSUFFICIENT DEFENSE.

Where plaintiff proved his case in the lower court, and the defendant failed to establish any defense whatever, so that plaintiff was entitled to a directed verdict, judgment will be rendered for plaintiff in the Court of Appeals on appeal from a judgment for the defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by Miles F. Bixler against P. W. Rinn. From a judgment in the county court upon appeal from a justice of the peace in favor of the defendant, plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Sam D. Ware, of Belton, for appellant. M. E. Monteith, of Belton, for appellee.

RICE, J. This suit was brought by appellant originally in the justice court, to recover the purchase price of certain jewelry sold by him to appellee, wherein he recovered judgment, but on appeal to the county court judgment went in favor of appellee, from which this appeal is taken.

It appears from the evidence that on October 30, 1911, appellee signed a written order for said jewelry, which was accepted by appellant, which described the character, kind, and quality thereof, containing a stipulation that delivery to the carrier constituted a delivery to him, agreeing to pay freight charges thereon. It also contained a stipulation to the effect that the order was not subject to countermand. Later the goods of the kind, character, and quality mentioned therein were delivered to the carrier, and went forward in due course to appellee. Upon their arrival at his station he, without opening them, returned same to appellant by the same carrier, with a statement to the effect that he was unable to pay for them, and could not procure insurance on his store, and therefore would not take them out. Appellant refused to receive them, but finally, to prevent their sale for freight charges, paid the same, notifying appellee that he would hold them subject to his order.

[1] After a general demurrer and general denial, appellee sought to rescind the sale, chiefly on the ground of fraud, alleging that he was induced to sign said written order or contract for the goods by reason of false representations on the part of plaintiff's agent, to the effect that said goods set out therein were merchantable jewelry of the quality capable of being sold to appellee's customers, when as a matter of fact they were mere sham jewelry, trinkets, or junk of quality not capable of being sold to his customers, which representations were alleged to be material and false, were known to be such to plaintiff's agent at the time they were made, and that if he (appellee) had known that said representations were false, he would not have signed said instrument; further, that it was agreed between him and said agent taking said order that he should not receive said goods unless he could obtain insurance on his stock of merchandise; and that, after making diligent effort to obtain insurance, he failed to procure same, and on account of such failure the contract was vitiated. There was absolutely no evidence to sustain the allegation of fraud; but, on the contrary, it appeared that the goods shipped conformed in every respect to those ordered; and by evidence offered in ap-

pellee's behalf· it appeared that they were merchantable and could be sold, while an expert witness in behalf of appellant testified that if the company shipped the class of goods described in the order (about which there was no controversy), it was a remarkable bargain. The defendant did not even open the goods, much less offer them for sale, and therefore it was impossible for him to have shown that they could not have been sold to his customers. Under the contract a delivery to the carrier was in law a delivery to appellee. See Specialty Furniture Co. v. Kingsbury, 60 S. W. 1030.

[2] We sustain the first assignment, urging that the court erred in submitting the issue of fraud to the jury. The court likewise gave a charge to find in favor of defendant if they believed that the jewelry was purchased on condition that he could get insurance on his stock of merchandise, which he failed to procure. It is unnecessary, however, to discuss this feature of the case, since appellee confesses that such charge was error. This, therefore, left appellee without any defense whatever. The plaintiff, having proved his case, was entitled to judgment, and the court erred in not instructing a verdict in his behalf, for which reason judgment is now here rendered for him.

Reversed and rendered.